# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GAYLAND SHERMAN,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **No. 3:10-CV-1146-B-BH** |
| | § | |
| **DALLAS ISD,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order filed November 2, 2010, before the Court for recommendation is *Defendant Dallas Independent School District's Motion to Dismiss and Brief in Support* ("Mot."), filed August 19, 2010 (doc. 11). Based on the relevant filings and applicable law, the motion should be **GRANTED** in part.

## I. BACKGROUND

Plaintiff filed suit against Dallas Independent School District ("DISD") on June 16, 2010. On July 30, 2010, he filed an amended complaint alleging discrimination based on race, sex, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"), Family Medical Leave Act ("FMLA") violations, and "whistle blower and Sarbanes-Oxley" violations. (doc. 9, pp. 2-3.) He also filed a document titled "proof of service" indicating that he had hand-delivered and faxed the amended complaint to DISD on July 29, 2010. (doc. 10.)

Plaintiff alleges that he is a black disabled male who used to work as a paraprofessional at Dr. E. Conrad High School. (doc. 9, p. 3, 7-8.) He claims that Mary Fitzgibbons, the white female principal of the high school, denied him light duty on October 11, 2009, and discharged him on January 11, 2010, because of his race, sex, and disability. (*Id.*, pp. 3, 7-8.) Vivian Winrow, a white female teacher in the same or similar situation, was allegedly treated better. (*Id.*, p. 2.) He alleges

that in 2009, he reported Winrow to Fitzgibbons for assaulting a student, and when Fitzgibbons took

no action, he reported the incident to Child Protected Services ("CPS").  (*Id.*, p. 8.)  He claims that

Fitzgibbons later gave him an unsatisfactory evaluation.  (*Id.*)

When he returned to work after being out more than sixty days, Fitzgibbons also allegedly

told Plaintiff that she had no light duty assignment for him, and that he could not return to work until

he had no restrictions.  (*Id.*, p. 3, 8.)  "[A]t the time" he could not lift over seventy-five pounds.  (*Id.*,

p. 9.)  Fitzgibbons later informed him that he had been terminated because he had "exceeded the 60

time frame for FMLA, and they needed someone to work with the student who had special needs."

(*Id.*, p. 3.)  The day he was terminated, the officer manager allegedly told him he would be

trespassing if he retrieved his personal belongings from the classroom.  (*Id.*, p. 8.)

On August 19, 2010, DISD objected that service of process was insufficient under Fed. R.

Civ. P. 4, and moved to dismiss Plaintiff's whistleblower claim under Fed. R. Civ. P. 12(b)(1) and

all of his claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be

granted.  In the alternative, DISD moved for a more definite statement under Fed. R. Civ. P. 12(e).

Plaintiff did not file a response and the motions are now ripe for consideration.

## II.  SERVICE OF PROCESS

DISD contends that service of process was insufficient under Fed. R. Civ. P. 4 because

Plaintiff failed to provide summons, he faxed a copy of the complaint instead of hand-delivering or

mailing it, and he delivered the papers himself.  (Mot. at 2-3.)

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a challenge to the manner or

method of service attempted by Plaintiff and authorizes the dismissal of an action for insufficient

service of process.  Fed. R. Civ. P. 12(b)(5); *Tinsley v. Commissioner of I.R.S.*, 1998 WL 59481, at

*3 (N.D. Tex. Feb. 9, 1998). Rule 4(c) places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Various provisions under Rule 4 describe the method of service for particular defendants. Rule 4(j)(2), applicable here, requires that service on a governmental organization such as an independent school district must be effectuated "by delivering a copy of the summons and of the complaint to its chief executive officer or by serving a copy of each in the manner prescribed by that state's law for serving a summons or like process upon such defendant." Fed. R. Civ. P. 4(j)(2); *Parson v. Wilmer Hutchins Indep. Sch. Dist.*, 2004 WL 757958, at *1 (N.D. Tex. Feb. 27, 2004). Service under the federal rules may be effected by anyone who is not a party to the case and is at least eighteen years of age. Fed. R. Civ. P. 4(c)(2). Service under Texas law may similarly be effected by a sheriff, constable, or any person authorized by law or by written order of the court if he is at least eighteen years of age and not a party to the suit. Tex. R. Civ. P. 103. Additionally, a person authorized by Rule 103 may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2).

Here, Plaintiff's proof of service states that he himself faxed and hand-delivered a copy of the complaint to DISD, and DISD alleges that it did not receive a copy of the summons. Plaintiff's attempt to serve DISD was ineffective because the federal and state rules of civil procedure do not allow a party to serve process and require service of summons. *See* Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. His complaint is therefore subject to dismissal under Rule 12(b)(5). Because the complaint is also subject to dismissal on other grounds, however, it is unnecessary to dismiss the case on this ground or to allow Plaintiff additional time to serve DISD properly. *See Florance v.*

*Buchmeyer*, 500 F.Supp.2d 618, 633 (N.D. Tex. 2007); *see also Grant-Brooks*, 2002 WL 424566 at *4 ("dismissal is not appropriate unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant"); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process).

## III.  RULE 12(b)(1) MOTION

To the extent that Plaintiff's complaint can be liberally construed to allege a violation of the Texas Whistleblower Act, DISD moves to dismiss it for lack of subject matter jurisdiction under Rule 12(b)(1).  (Mot. at 15-17.)

### A.  Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  *Id.*  When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not

a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

DISD relies on Plaintiff's complaint to support its motion to dismiss. The motion therefore presents a facial attack that does not require the Court to resolve matters outside the pleadings. *See id.*; *Williamson*, 645 F.2d at 412-13.

## B. Whistleblower Claim

The Texas Whistleblower Act prohibits a governmental entity from terminating or taking any

adverse employment action against an employee who in good faith reports to an appropriate law enforcement authority a violation of law by the entity or a public employee of the entity. Tex. Gov't Code § 554.002(a); *Garret v. Judson Indep. Sch. Dist.*, 299 F.App'x 337, 341 (5th Cir. 2008). Under the Act's provision on waiver of immunity, only a public employee who alleges violation of the Act may sue the employing state or local governmental entity. *See* Tex. Gov't Code § 554.0035; *State v. Lueck*, 290 S.W.3d 876, 881-82 (Tex. 2009). This requirement is jurisdictional in nature and requires a plaintiff to actually allege a violation of the Act and not merely reference it. *See Lueck*, 290 S.W.3d at 882. In other words, the elements of a Whistleblower Act claim "must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act and fall within" the waiver of immunity from suit provided in § 554.0035. *See id.* at 884. A "significant inquiry into the substance of the claims" is not required, however. *Id.*

In order to establish a claim under the Act, a plaintiff must show that: (1) he is a public employee; (2) he acted in good faith in making a report; (3) the report involved a violation of law by an agency or employee; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation as a result of making the report. *Tharling v. City of Port Lavaca*, 329 F.3d 422, 428 (5th Cir. 2003); *Phelan v. Texas Tech Univ.*, 2008 WL 190741, at *3 (Tex. App.–Amarillo, Jan. 23, 2008, pet. denied). DISD argues that Plaintiff has not alleged any facts to show that he believed DISD or an employee was violating any law or that he reported any purported violation of law to an appropriate law enforcement authority. (Mot. at 16).

### 1. Violation of Law

The Texas Whistleblower Act defines law as "a state or federal statute, an ordinance of a legal governmental entity or a rule adopted under a statute or ordinance." Tex. Gov't Code §

554.001(1). An employee need not identify a specific law when making a report or establish an actual violation of the law. *See Dallas Area Rapid Transit v. Carr*, 309 S.W.3d 174, 177 (Tex. App.–Dallas, 2010, pet. denied); *Phelan*, 2008 WL 190741, at *3. However, there must be some law prohibiting the complained-of-conduct to give rise to a whistleblower claim under the Act. *Id.* A violation of a law under the Texas Whistleblower Act includes "any disclosure of information regarding a public servant's employer tending to directly or circumstantially prove the substance of a violation of criminal or civil law, the State or Federal Constitution, statutes, administrative, rules or regulations." *See Davis v. Ector Cnty., Tex.*, 40 F.3d 777 (5th Cir. 1994) (citing *Castaneda v. Tex. Dep't of Agric.*, 831 S.W.2d 501, 503 (Tex. App.–Corpus Christi 1992, writ denied)).

Here, Plaintiff alleges that he reported an assault on a student by a DISD employee to the principal and CPS. Even though he does not identify a specific law that was violated, assault on a person and injury to a child are criminal offenses under the Texas Penal Code. *See* Tex. Penal Code §§ 22.01 (assault); 22.04 (injury to a child). Plaintiff has alleged sufficient facts to show that the complained-of-conduct constituted a violation of the law as required under the Act.

## 2. Appropriate Law Enforcement Authority

The Act defines an "appropriate law enforcement authority" as a governmental official or entity that "an employee in good faith believes is authorized to regulate under or enforce the law alleged to be violated in the report or to investigate or prosecute a violation of the criminal law." Tex. Gov't Code § 554.002(b); *Tharling*, 329 F.3d at 428. In other words, a plaintiff is required to show that "he honestly believed he was reporting the perceived violation to an authority within an entity which could regulate under or enforce the law in issue or investigate or prosecute a criminal offense and, moreover, that this belief was objectively reasonable." *Id.* at 428-29 (quoting *Duvall*

*v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 48 (Tex. App.–Austin, 2002, no pet.)).

Here, Plaintiff alleges that he reported an assault on a student by a fellow employee to the principal and CPS. Liberally construing the *pro se* plaintiff's pleadings, as the Court must, these facts are sufficient to allege that he in good faith believed that CPS or the principal had the authority to at least investigate a violation of the criminal law. As discussed, gauging whether the pleadings sufficiently allege jurisdictional facts under the Texas Whistleblower Act does not require a significant inquiry into the substance of the claims. *See Lueck*, 290 S.W.3d at 882.

Since Plaintiff has alleged facts sufficient to indicate that he in good faith reported a violation of the law by a DISD employee to an appropriate law enforcement authority, DISD's motion to dismiss the Texas whistleblower claim for lack of subject-matter jurisdiction should be **DENIED**.

## IV. RULE 12(b)(6) MOTION

DISD next moves to dismiss all of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. at 9-17.)

## A. Legal Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[1] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plain-

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

tiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

## B. Race and Sex Discrimination

DISD contends that Plaintiff has failed to allege enough facts to plead all the elements of his race and sex discrimination claims under Title VII claims. (Mot. at 7-9.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race,

color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Generally, a plaintiff must establish a prima facie case of discrimination by showing that he (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). While a plaintiff need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from his obligation to allege sufficient facts to state all the elements of his claim. *See Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). The alleged facts must show a plausible basis to infer that the defendant is liable for discrimination based on the plaintiff's protected characteristic. The facts must also be sufficient to at least create an inference that the plaintiff was discriminated against because of a protected characteristic. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006); *Montgomery v. Med Assets*, 2010 WL 2540189, at *3 (N.D. Tex. June 22, 2010).

Here, Plaintiff alleges that he is a black male who was terminated from his paraprofessional position and was treated less favorably than Winrow, a white female teacher in the same or similar situation as him. (doc. 9, pp. 2-3.) Based on these allegations, Plaintiff has sufficiently pled the first and third element of his claim. *See Tillman v. Southern Wood Preserving of Hattiesburg, Inc.*, 250 F. App'x 622, 624 (5th Cir. 2007) (finding a black male a member of a protected group); *McCoy*,

492 F.3d at 559 (finding "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating" as adverse employment actions). He has failed, however, to allege that he was qualified for the position, and he makes only a conclusory allegation that DISD treated Winrow, a white female teacher, with same or similar circumstances better than him. *See Jones v. City of Hurst*, 2006 WL 984197, at *2 (N.D. Tex. Apr. 13, 2006) (a plaintiff must "allege facts" in support of the fourth element to state a Title VII disparate treatment claim). Notably, in an intake questionnaire attached to his amended complaint, Plaintiff notes "unknown" when asked to describe the treatment that Winrow received. (doc. 9, p. 2.) "'When a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.'" *Puente*, 423 F. App'x at 428 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir. 1976)). Plaintiff's conclusory allegations are not sufficient to create an inference that he was discriminated against based on the protected characteristics of race and sex. His race and sex discrimination claims under Title VII should therefore be dismissed under Rule 12(b)(6) for failure to state a claim.

## C. Retaliation Claim

DISD next argues that Plaintiff has also failed to state a retaliation claim, regardless of whether he asserts the claim under Title VII or the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 20.001 et seq., or as a First Amendment retaliation claim under 42 U.S.C. § 1983. (Mot. at 9-12.)

### 1. Retaliation Claim under Title VII and the TCHRA

DISD contends that Plaintiff has failed to identify a protected activity needed to state a retaliation claim under Title VII and the TCHRA. (Mot. at 9-10.) "Both Title VII and the Texas Commission on Human Rights Act prohibit discrimination against employees who have opposed

an unlawful employment practice, or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment practices statute." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 162 (5th Cir. 2008) (citing 42 U.S.C. § 2000e-3(a); Tex. Lab. Code § 21.055). The law governing retaliation claims under Title VII and the TCHRA is identical. *See Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n. 2 (5th Cir. 1999). To establish a prima facie case under both statutes, a plaintiff must show that (1) he participated in protected activity, (2) his employer took an adverse employment action against him, and (3) a causal connection existed between his protected activity and the adverse employment action. *See id.*; *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

"Protected activity is opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2000) (citation omitted); *See also* 42 U.S.C. § 2000e-3(a). Therefore, if the conduct complained of by a plaintiff had nothing to do with race, color, religion, sex, or national origin, he cannot maintain a retaliation claim under Title VII or the TCHRA. *See Arora*, 294 F. App'x at 162 (finding no protected activity where the complained of activity did not involve an employee being treated unfairly due to race or sex); *Grey v. Dallas Ind. Sch. Dist.*, 265 F. App'x. 342, 346-47 (5th Cir. 2008) (no protected activity where plaintiff failed to show opposition to a violation of Title VII).

Plaintiff alleges that he contacted Fitzgibbons and CPS after Winrow, a white female employee, assaulted a student. (doc. 9, p. 8.) These allegations, however, are not sufficient to show that Plaintiff engaged in protected activity under Title VII because they do not involve an employee

being treated unfairly based on his race, color, sex, religion, or national origin. *See Arora*, 294 F.

App'x at 162; *Grey*, 265 F. App'x at 346-47. Since Plaintiff has failed to allege sufficient facts to

plead an essential element of his retaliation claim under Title VII and the TCHRA, the claim should

be dismissed under Rule 12(b)(6) for failure to state a claim.

2. First Amendment Retaliation Claim under § 1983

To the extent that Plaintiff is asserting a First Amendment retaliation claim under § 1983,

DISD moves to dismiss the claim on two grounds. (Mot. at 10-12.) It argues that Plaintiff fails to

allege any facts relating to the specific elements of a § 1983 claim and does not set forth any facts

to support the elements specific to a First Amendment retaliation claim. (*Id.* at 12.)

While Plaintiff does not assert a violation of § 1983 or his First Amendment rights in his

amended complaint, his allegation that Fitzgibbons terminated him after he reported an assault to

her and the CPS could be liberally construed as asserting a First Amendment retaliation claim under

§ 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of

a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United

States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff

must allege facts to show that he has been deprived of a right secured by the Constitution and laws

of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc.*

*v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir.

2005). To state a First Amendment retaliation claim under § 1983, a plaintiff must allege facts to

show that (1) he suffered an adverse employment action; (2) he spoke on a matter of public concern;

(3) his interest in speaking outweighed his employer's interest in efficiency; and (4) his speech

motivated the adverse employment action. *See Tharling*, 329 F.3d at 426 (citation omitted).

Stating a § 1983 First Amendment retaliation claim directly against a municipality requires a plaintiff to allege facts tending to show that the municipality acted pursuant to an official policy or custom. *Duran v. City of Corpus Christi*, 160 F.App'x 363, 365 (5th Cir. 2005) (citing *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978); *Tharling*, 329 F.3d at 427). A municipality cannot be held liable for a § 1983 violation under a respondeat superior theory. *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). For municipal liability to attach based on isolated unconstitutional actions by a municipal employee, the employee must possesses final authority to establish municipal policy with respect to the action ordered. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001).

Whether a particular individual or entity is a policymaker is a question of state law. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). Under Texas law, "policymaking authority in an independent school district, such as the DISD, rests with the district's board of trustees." *Id.* A non-trustee may be a policymaker, however, if the defendant has delegated exclusive policymaking authority to that individual and cannot review that individual's actions or decisions. *See Hoskins v. Kaufman Indep. Sch. Dist.*, 2003 WL 21517830, at *6 (N.D. Tex. June 30, 2003) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989)).

Here, even assuming that Plaintiff has sufficiently alleged the elements of his First Amendment retaliation claim under § 1983, his complaint does not allege that an official policy or custom caused a violation of his rights, and contains no factual allegations indicating that he was terminated pursuant to an official policy or custom of DISD. Plaintiff must identify the purported policy that violated his rights, show that the policy is attributable to DISD, and establish that he

incurred damages because of the application of that specific policy. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984) (en banc). If not, he must allege the presence of a "persistent, widespread practice of [DISD] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [district] policy." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Plaintiff has failed to do either.

Additionally, he has not made any factual allegations sufficient to create an inference that he was damaged by the actions of an official policymaker. For instance, there are no allegations that the actions of DISD's board of trustees damaged him, that the board delegated final policymaking authority to Fitzgibbons, or that her decisions were non-reviewable by the board. In short, Plaintiff has failed to state a First Amendment retaliation claim under § 1983, and his claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. *See Hoskins*, 2003 WL 21517830, at **6-7 (public school police officer, who was allegedly terminated for reporting child sexual abuse to school district officials, failed to state a First Amendment claim under §1983 against the district when he failed to allege that his free speech rights were violated by a school district policy or custom).

**D. ADA Claim**

DISD moves to dismiss Plaintiff's ADA claim on grounds that he has failed to allege any facts to show that he was disabled and has failed to allege that he was either replaced by or treated less favorably than a non-disabled person. (Mot. at 12-13.)

The ADA prohibits a covered entity from discriminating against a qualified individual with a disability because of that disability. 42 U.S.C. § 12112(a). To establish discrimination under the

ADA, an employee must demonstrate that (1) he has a disability; (2) he is qualified for the job in question; (3) he was subject to an adverse employment decision because of his disability; and (4) he was replaced by a or treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000). Under the ADA, an individual with a disability is a person who has a physical or mental impairment which substantially limits one or more of his major life activities, has a record of such an impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102; *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010). "Major life activities" include a non-exhaustive list of functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* An employer is required to show reasonable accommodations to the known physical or mental limitations of the employee only after the employee meets all of the elements of his discrimination claim. *See Kemp*, 610 F.3d at 235.

With respect to his ADA claim, Plaintiff alleges that he was discriminated against based on his disability and that he was denied light duty on October 11, 2009. When asked in the intake questionnaire if his disability prevented him from doing anything, he responded that "at the time" he could not lift over seventy-five pounds and asked for light duty but was denied. (doc. 9, p. 9.) Plaintiff's response appears to allege only a temporary impairment, and a temporary impairment is not a "disability" under the ADA. *See Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1051(5th Cir. 1998). He does not make any factual allegations sufficient to show that he has a physical or mental impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment. *See Swanson v. Aegis Communications Grp.*, Inc., 2010 WL 1779666, at **2-3 (N.D. Tex. Mar. 22, 2010) (plaintiff's complaint failed to

state a plausible claim under the ADA where it alleged some kind of on-the-job injury requiring a leave of absence but failed to allege facts plausibly sufficient to establish that he was under a disability as defined by the ADA). Additionally, he does not allege that he was replaced by a non-disabled person or treated less favorably than non-disabled employees. *See Fajardo-Espinosa v. Parkland Hosp.*, 2010 WL 1267260, at *3 (N.D. Tex. Mar. 16, 2010) (plaintiff failed to state an ADA claim where he did not allege that he was replaced by a non-disabled person or treated less favorably than non-disabled employees). Based on this failure, his ADA claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## E. FMLA Claim

DISD also moves to dismiss Plaintiff's FMLA claim for failure to state a claim. (Mot. at 13-14.) According to DISD, Plaintiff does not allege he was an eligible employee who suffered a serious health condition, he was entitled to leave under the FMLA, he gave DISD notice of his intention to take FMLA leave, or DISD denied him FMLA leave or other FMLA benefit to which he was entitled. (*Id.*)

The FMLA requires covered employers to provide up to twelve weeks of unpaid leave to any eligible employee who suffers from a serious health condition that makes him unable to perform the functions of his position. 29 U.S.C. § 2612(a)(1)(D); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 761 (5th Cir. 1995). After a qualifying absence, the employee is entitled to immediate restoration to the position he occupied prior to his leave or its equivalent. 29 U.S.C. § 2614(a)(1). To present a claim under these prescriptive provisions of the FMLA, a plaintiff must allege facts sufficient to show that "(1) he is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) he was entitled to FMLA leave, (4) he gave

notice to the defendant of his intention to take FMLA leave, and (5) the defendant denied him the FMLA benefits to which he was entitled. *See Porch v. Dillard's Inc.*, 2004 WL 1809813, at *6 (N.D. Tex. Aug.12, 2004) (citation omitted).

The FMLA also prohibits discrimination and retaliation against an employee for his exercise of FMLA rights under its proscriptive provision. 29 U.S.C. § 2615(a)(2); *Hunt v. Rapides Healthcare System*, LLC, 277 F.3d 757, 763 (5th Cir.2001). To state a proscriptive FMLA claim, a plaintiff must establish that (1) he engaged in protected activity, (2) he suffered an adverse employment decision, and (3) a causal connection existed between the protected activity and the adverse employment decision. *See Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999); *Richardson v. Monitronics In'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

Plaintiff alleges in his complaint that Fitzgibbons told him upon his return to work after being out more than sixty days that she had no light duty assignment for him, that he could not return to work until he had no restrictions, and later that he had been terminated because he "had exceeded the 60 timeframe for FMLA." (doc. 9, p. 2-3, 8.) These allegations are too vague and are not detailed enough to sufficiently state a claim for relief under the prescriptive or proscriptive provisions of the FMLA.[2] Notably, there are no factual allegations to show that he was an eligible employee suffering from a serious health condition, he was entitled to leave under the FMLA, he gave DISD notice of his intention to take FMLA leave, DISD denied him a benefit under the FMLA, or DISD terminated him because he had engaged in protected activity under the FMLA. In short, Plaintiff has failed to state an FMLA claim upon which relief can be granted. *See Nichelson v. United Dominion Realty Trust*, 52 F.App'x 421, 423 (5th Cir. 2005) (affirming dismissal of FMLA

---

[2]  Whether Plaintiff's FMLA claim is proscriptive or prescriptive is not discernable from his allegations and DISD appears to move only on any prescriptive FMLA claim.

claim where Plaintiff only alleged that his employers' directors and mangers had conspired to terminate him while he was on FMLA leave and provided no other factual allegations).

**F. Texas Whistleblower Claim**

With respect to Plaintiff's Texas Whistleblower claim, DISD argues that Plaintiff has set forth no allegations that he reported in good faith a violation of the law by DISD or its employee to an appropriate law enforcement agency, or that the report was a but-for cause of his alleged termination or denial of light duty. (Mot. at 17.)

As noted, Plaintiff's complaint alleges facts that when liberally construed indicate that he reported in good faith a violation of the law by a DISD employee. He has failed, however, to allege that he suffered retaliation as a result of the report. This final element of the whistleblower claim requires a plaintiff to show that the report was a but-for cause of the alleged adverse action. *See Guillaume v. City of Greenville*, 247 S.W.3d 457, 461-62 (Tex. App.–Dallas 2008, no pet.) Stated differently, the employee must show that his protected conduct was "such that, without it, the employer's prohibited conduct would not have occurred when it did." *Tex. Dep't of Human Servs. of the State of Tex. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1994). If the pertinent adverse personnel action is taken within ninety days of an employee's report, a rebuttable presumption arises that the adverse personnel action was taken because of the employee's report. *Faulkner v. Dep't of State Health Servs.*, 2009 WL 722983 (N.D. Tex. Mar. 19, 2009) (citing Tex. Gov't Code § 554.004(a)).

Here, Plaintiff's complaint alleges that he was discharged by Fitzgibbons and that he had contacted her and CPS the previous year after Winrow assaulted a student. Even though the two statements can be linked together and can be liberally construed as alleging causation, there are no facts in the complaint to support it. Additionally, there are no allegations showing that Plaintiff was

terminated within the statutory ninety-day period. Since Plaintiff has failed to state a whistleblower claim under Rule 12(b)(6), his claim should be dismissed.

## G. Sarbanes-Oxley Claim

DISD finally argues that Plaintiff cannot state a Sarbanes Oxley claim against DISD because it is a local governmental entity and not a publicly traded company. (Mot. at 17-18.)

Since Plaintiff alleges a "whistleblower Sarbanes-oxley claim," the allegation can properly be construed as invoking the whistleblower protection provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A(a). The provision "creates a private cause of action for employees of publicly-traded companies who are retaliated against for engaging in certain protected activity." *Hemphill v. Celanese Corp.*, 2009 WL 2949759, at *2 (N.D. Tex. Sept. 14, 2009) (citing 18 U.S.C. § 1514A(a)). In this case, Plaintiff has not alleged that DISD is a publicly traded company. Accordingly, he has failed to state a Sarbanes-Oxley whistleblower claim against DISD. *See Dortch v. Mem'l Herman Healthcare System-Southwest*, 525 F.Supp.2d 849, 859 n. 24 (S.D. Tex. 2007) (noting that § 1514A(a)(1) limits application of the anti-retaliation provisions of the Sarbanes-Oxley Act to publicly traded companies and that a Sarbanes-Oxley claim must fail if the defendant is not a publicly traded company); *Brady v. Clayon Sec. (USA) Inc.*, 406 F. Supp.2d 307, 318 (S.D.N.Y. 2005) (finding that the plaintiff, as employee of a non-publicly traded company, failed to state a Sarbanes-Oxley claim).

## V. OPPORTUNITY TO AMEND

Notwithstanding Plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL

627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr.12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, DISD's motion to dismiss was filed more than four months ago, Plaintiff has not filed a response, he has already filed an amended complaint, and he has not moved to further amend his complaint. Given these circumstances, the Court should find that Plaintiff has pled his best case to the Court and should not be accorded a further opportunity to amend.

## VI. CONCLUSION

DISD's Rule 12(b)(1) motion to dismiss Plaintiff's Texas whistleblower claim should be **DENIED**, its motion to dismiss all claims under Rule 12(b)(6) should be **GRANTED**, and its alternative motion for a more definite statement under Rule 12(e) should be **DENIED** as moot. Unless Plaintiff moves to amend his complaint within the fourteen days allotted for objections to this recommendation, his claims against DISD should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED on this 24th day of January, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE